**In re DIAMOND SALES COMPANY OF MIAMI, INC., Debtor.**

**BANK LEUMI TRUST COMPANY OF NEW YORK, Plaintiff,**

v.

**DIAMOND SALES COMPANY OF MIAMI, INC., and A. Jay Cristol, as Trustee; Bank of Miami, Inc.; Lilli of Miami, Inc.; and Constellation of Florida, Inc., Defendants.**

**Bankruptcy No. 82–01052–BKC–SMW.**
**Adv. No. 83–0280–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

July 14, 1983.

Paul G. Hyman, Jr., Miami, Fla., for plaintiff.

Bruce A. Christensen, Richard Bernstein, Miami, Fla., Murray B. Weil, Jr., Miami Beach, Fla., for defendant.

A. Jay Cristol, Miami, Fla., for trustee.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon an Adversary Complaint for Relief from Automatic Stay, and Complaint to Determine Amount, Validity, Priority and Extent of Liens, and the Court having considered the evidence and testimony presented, having heard argument of counsel, and being fully advised in its premises, hereby enters this its Findings of Fact and Conclusions of Law.

Diamond Sales Company Of Miami, Inc. (hereinafter "the Debtor"), was a Debtor-in-Possession pursuant to a Voluntary Petition filed under Chapter 11 on June 4, 1982. This matter was converted to a proceeding under Chapter 7 on January 21, 1983, and a Trustee was appointed.

The Bank Of Miami, Inc. was dismissed as a Defendant pursuant to its Motion to Dismiss, based upon the assignment of its interest to the United States of America on behalf of its agency, Small Business Administration (hereinafter "United States"). The Bank Of Miami, Inc. and thus its assignee, the United States, has a secured lien in the equipment, machinery, inventory, accounts receivable, contract rights and proceeds therefrom. Such Security Agreement is perfected and constitutes a first lien on said assets by virtue of being the first security interest on the assets of the Debtor recorded with the Secretary of State of Florida. The United States is owed $44,878.01 principal, interest from

February 28, 1982, costs and a reasonable attorney's fee.

Lilli Of Miami, Inc. (hereinafter "Lilli") had a security interest in certain inventory of the Debtor based upon consignment memorandums and a Financing Statement which was filed with the Secretary of State of Florida. However, this security interest does not extend beyond the specific inventory which was consigned to the Debtor. All of the inventory which was consigned to the Debtor by Lilli has either been paid for or returned to Lilli, or the proceeds used by the Debtor prior to June 4, 1982. Thus, Lilli does not have a security interest in the presently existing inventory or assets of the Debtor and is an unsecured creditor of the Debtor.

Constellation Of Florida, Inc. (hereinafter "Constellation") also claims to have had a security interest similar to that of Lilli. However, Constellation did not file a Financing Statement with the Secretary of State of Florida as required by the Uniform Commercial Code in order to perfect its security interest and thus is an unsecured creditor of the Debtor.

Bank Leumi Trust Company Of New York (hereinafter "Leumi") is a secured creditor of the Debtor having a security interest in all present and future accounts, chattel papers, instruments and all present and future goods by virtue of a Security Agreement and Financing Statement filed with the Secretary of State of Florida. Leumi is owed $188,000.00 principal, interest from June 1, 1982, costs and a reasonable attorney's fee. Said security interest is a second lien on the assets of the Debtor since the lien of the United States is superior by virtue of its prior perfection.

The Motion of Leumi and the Trustee to require the United States to marshall its assets by virtue of its Mortgage on the property of Lilli Swaebe, wife of the President of the Debtor, is hereby denied. Lilli Swaebe was not liable to the Bank Of Miami, Inc. and thus marshalling, which requires the existence of a common debtor, is not applicable.

The assets in which the United States and Leumi have a security interest are not necessary to the effective reorganization of the Debtor and the Trustee and Debtor have no equity in such property. Furthermore, the United States and Leumi are not being adequately protected and thus are entitled to relief from the automatic stay provisions of the United States Bankruptcy Code. Therefore, the automatic stay is hereby modified to permit the United States and Leumi to foreclose their respective security interests.

Pursuant to Bankruptcy Rule 921(a), a Final Judgment incorporating these Findings of Fact and Conclusions is being entered this date.

### FINAL JUDGMENT

In conformity with the Findings of Fact and Conclusions of Law of even date, it is:

ORDERED AND ADJUDGED:

1. That Lilli of Miami, Inc., and Constellation of Florida, Inc. have unsecured claims in the estate of Diamond Sales Company of Miami, Inc., Debtor herein.

2. That the United States of America has a secured lien on the equipment, machinery, inventory, accounts receivable, contract rights and proceeds therefrom of Diamond Sales Company of Miami, Inc. in the sum of $44,878.01 principal, interest from February 28, 1982, costs and a reasonable attorney's fee superior to any lien of any of the Defendants herein.

3. That Bank Leumi Trust Company of New York has a secured lien in the present and future accounts, chattel papers, instruments and goods of Diamond Sales Company of Miami, Inc. in the sum of $188,000.00 principal, interest from June 1, 1982, costs and a reasonable attorney's fees which is subordinate to the lien of the United States, but is superior to the claims of any of the other Defendants herein.

4. That the automatic stay is hereby modified to permit Bank Leumi Trust Company of New York and the United States to enforce their security interests in the collateral in accordance with applicable law.

5. This Court retains jurisdiction to award costs and a reasonable attorney's fee upon proper application.